UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILED

ATE FILED: 1/29/13

DERRICK SHARIF SHAHEED
WILLIAMS,

               Plaintiff,

      v.

OFFICER HANDMEN et al.,

               Defendants.

11 Civ. 6918 (LBS)

**MEMORANDUM
& ORDER**

COPIES MAILED TO ALL PARTIES

SAND, J.

On September 30, 2011, *pro se* plaintiff and then–Green Haven Correction Facility

inmate Derrick Sharif Shaheed Williams initiated this action, filing suit against two police

officers and the superintendent of Green Haven for refusing to allow him to attend Muslim

services while incarcerated on three occasions that same month.  On May 2, 2012, Williams filed

an "amended complaint" that made no mention of his earlier claims.  Instead, the Amended

Complaint claimed that an inmate records coordinator refused to reduce Williams's service time

in compliance with state court orders.  Because Williams has not "exhausted all available

administrative remedies prior to commencing this action, as required under the Prisoner

Litigation Reform Act, 42 U.S.C. § 1997e(a)," *Jones v. Montalbano*, No. 09 Civ. 4548, 2012 WL

847373, at *2 (E.D.N.Y. Mar. 13, 2012), we must dismiss his case.

**DISCUSSION**

*1.  Williams's Remedies Were Not Exhausted When He Filed His Complaints*

Section 1997e(a) states, "No action shall be brought with respect to prison conditions

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are

exhausted." "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011). Generally, a New York prisoner's administrative remedies are exhausted when his or her grievance has been appealed to the Central Office Review Committee ("CORC") and CORC then rules on that grievance. *See id.* at 96–97 (describing the review process).

In an August 2012 affidavit, the custodian of the records of CORC states that no religious services claim by Williams is in their computer system and therefore it had not been appealed to CORC. *See* Aff. McCoy ¶ 7, Aug. 9, 2012, ECF No. 22. The custodian did find Williams's complaint about service time in CORC's computer system, but she states that the appeal was still pending on August 8, 2012, *see id.* ¶¶ 10–11, several months after Williams filed his Amended Complaint. It would seem, then, that both of Williams's claims were unexhausted when he filed his complaints.

In his Complaint, his Amended Complaint, and an August 20, 2012, "memorandum" apparently sent only to the Court, Williams argues that both claims were exhausted. In his Complaint, Williams states that he filed a grievance about the religious services claim at Green Haven Corrections Facility, but "[n]othing happen with that grievance that was file in this facility." Compl. 3–4. In his Amended Complaint, Williams says that he grieved the service time claim and wrote about it to "the superintendent of the facility," "the deputy superintendent of administration of green haven," and to the "central office media review committee" in Albany, NY. Am. Compl. 3. He further asserts that he "had to file a[n] appeal on this grievance" and his "appeal went to the superintendent of the facility." *Id.* at 4.

Williams attempted to reply to Defendants' exhaustion argument in a letter/memorandum of law dated August 20, 2012, sent to this Court, but seemingly not sent to Defendants. *See*

Letter from Jason M. Clark, Dec. 3, 2012, ECF No. 26 ("Defendants never received an
opposition brief from plaintiff . . . ."). Assuming we could consider it, Williams's memorandum
actually presents strong evidence that his claims were *not* exhausted at the time he filed the
lawsuit. Williams's memorandum asserts that the four exhibits included in his memorandum are
"proof that all administrative remedies was used" and "eviden[ce that] will show that the incident
was covered up by the defendants as well as the sergeant who came to interview me on this
matter." Instead, they show that Williams's claims were not exhausted. Two exhibits show
Williams appealing and attempting to appeal his service time claim to CORC in April 2012.
These exhibits are congruent with the custodian's affidavit stating that the service time issue was
appealed in April but was still pending before CORC several months after Williams filed his
amended complaint. *See* Aff. McCoy ¶ 10–11. The two other exhibits show Williams's
religious services claim was referred for investigation in September 2011 and the investigation
was considered closed in October 2011. These exhibits strongly suggest that Williams failed to
exhaust his appeals or show an excuse for not doing so at the time he filed his suit that
September. Because Williams's complaints were not fully exhausted, his claim must be
dismissed.

    2. *We Cannot Sidestep the Exhaustion Requirement*

      Because Williams is *pro se* and we therefore construe his complaints to "raise the
strongest arguments that they suggest," *Joyce v. Martuscello*, No. 11 Civ. 5265, 2012 WL
4219615, at *4 (S.D.N.Y. Sept. 20, 2012) (quoting *Mitchell v. Lara*, No. 11 Civ. 1540, 2011 WL
5075117, at *5 (S.D.N.Y. Oct. 25, 2011)), we consider two ways to read Williams's complaints
to sidestep this fatal exhaustion problem. Both fail.

First, because Williams alleges that he was being held in state prison unlawfully, we could convert his complaints to § 2254 habeas petition. *See James v. Walsh*, 308 F.3d 162, 166–67 (2d Cir. 2002) (holding that a state prisoner's federal challenge to being held beyond his state sentence should be brought as a § 2254 rather than a § 2241 habeas action). Because a § 2254 petition would challenge illegal custody and not "prison conditions," it would not be subject to PLRA's exhaustion requirements. *Cf. United States v. McGriff*, 468 F. Supp. 2d 445, 447 (E.D.N.Y. 2007) (holding that a § 2241 "*habeas* petition is not subject to the administrative exhaustion requirement of the Prison Litigation Reform Act of 1995 ('PLRA')," but is subject to administrative exhaustion). And it might well be that Williams's service time claim could only be brought as a habeas petition. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." (citation omitted)). However, if Williams's service time claim were raised as a § 2254 petition, it would subject to § 2254's state remedies exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."); *Lewis v. Lee*, No. 11 Civ. 7119, 2012 WL 6700045, at *3 (S.D.N.Y. Dec. 19, 2012) (describing exhaustion requirements). Williams has not shown that he has exhausted his state remedies. *See, e.g., Hanton v. Lantz*, No. 3:09 Civ. 774, 2010 WL 2232642, at *5 (D. Conn. May 27, 2010) (holding that a service time § 2254 habeas claim would be unexhausted because the petitioner "concedes that [it] has not been raised

in any state habeas petition"); *Freeman v. Warden*, No. 4:11 Civ. 243, 2011 WL 5439161, at *4 n.2 (D.S.C. Oct. 6, 2011) (stating that a sentence calculation habeas petition would be unexhausted because "Petitioner has not obtained a final order from the highest court with jurisdiction to decide it").[1] Therefore a § 2254 action would be no better than a § 1983 action for Williams. Because converting Williams's claim into a habeas petition to raise his strongest argument likely would cause him to lose the right to raise a future habeas challenge and would not help him, we decline to do so. *Cf. Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003) ("[C]onverting a *pro se* habeas petition filed under a statute not subject to the severe 'second or successive' restrictions of section 2244 (for state prisoners) or section 2255 (for federal prisoners) could cause the petitioner to forfeit unnecessarily and unintentionally a meritorious claim.").

Second, we consider whether Williams's status as a parolee circumvents PLRA's exhaustion requirement. According to the New York Department of Corrections and Community Supervision website, http://nysdoccslookup.doccs.ny.gov/ (last visited Jan. 23, 2012), Williams was paroled on October 26, 2012. As such, Williams is no longer a "prisoner" under PLRA. *See LaFontant v. I.N.S.*, 135 F.3d 158, 165 (D.C. Cir. 1998) ("Although [plaintiff] was a 'prisoner' for purposes of the PLRA when he served time for past convictions, he ceased being a 'prisoner' at the time he was released on parole."). Accordingly, any suit Williams would file now would not face a Section 1997e(a) bar.

But the Second Circuit interprets PLRA provisions to rely on whether the plaintiff was a prisoner at the time the suit was filed. *See Perez v. Westchester Cnty. Dep't of Corr.*, 587 F.3d

---

[1] Construed as a § 2254 petition, Williams' claims might also fail for other reasons such as mootness. *See Adams v. N.Y.*, No. 07 Civ. 1101, 2007 WL 4565033, at *2–3 (E.D.N.Y. Dec. 21, 2007) (dismissing as moot a § 2254 habeas petition by a released prisoner who claimed that state prison kept him longer than necessary and who "allege[d] no collateral consequences arising from his allegedly prolonged detention") (adopting and quoting report and recommendation).

143, 155 (2d Cir. 2009) (holding that "the text of the PLRA, although not entirely unambiguous, is most naturally read as referring solely to a plaintiff's status at the time of *filing,* not at subsequent stages of the proceedings" because of the statute's "temporal hook . . . to the time the action is *brought*—that is, when it is filed.") (construing 42 U.S.C. § 1997e(d)(1)).  As shown above, § 1997e(a), the exhaustion paragraph of the PLRA, like the paragraph construed in *Perez* uses the word "brought."  Therefore, Williams's relatively newfound parolee status does not change the effect of PLRA's exhaustion bar on the suit he brought when still a prisoner.  Because Williams did not exhaust administrative remedies, the case must be dismissed.

For the foregoing reasons, Williams's complaint and amended complaint are **DISMISSED** without prejudice to refile.  We certify that any appeal from this Order would not be taken in good faith.  28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: ____Jan. 29____, 2013
     New York, NY

_____
                     U.S.D.J.